RECEIVED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY, a foreign
corporation, individually and a/s/o COMEGYS
INSURANCE AGENCY, INC.,

CASE NO.: 8:17 cv 2832 T26 AAS

Plaintiff,

vs.

LIBERTY MUTUAL INSURANCE
COMPANY, a foreign corporation,

Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Liberty Mutual Insurance Company ("Liberty") gives notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of removal to the United States District Court for the Middle District of Florida of the action styled *Endurance American Specialty Insurance Company, a foreign corporation, individually and a/s/o Comegys Insurance Agency, Inc. v. Liberty Mutual Insurance Company, a foreign corporation,* Case No.: 17-006139-CI, Circuit Court of the Sixth Judicial District in and for Pinellas County, Florida ("Action").

### THE STATE COURT ACTION AND NOTICE OF REMOVAL

1. On October 11, 2017, Plaintiff Endurance American Specialty Insurance Company ("Endurance") filed a Complaint for Damages ("Complaint") in the Action. (*See* Pl.'s Compl., a copy of which is attached as Exhibit 1 to this Notice.)

2. Endurance named Liberty as a defendant in the Action, claiming Liberty does business as Safeco Insurance ("Safeco"). (*Id.*)

3. Liberty was served with a copy of the Summons and Complaint on

LAPIN & LEICHTLING, LLP, 255 ALHAMBRA CIRCLE, SUITE 1250, CORAL GABLES, FLORIDA 33134 (305) 569-4100

October 24, 2017.[1]

4. This Notice of Removal is timely filed within thirty days after receipt of the Summons and Complaint by Liberty, in compliance with 28 U.S.C. § 1446(b).

5. The Tampa Division of the United States District Court for the Middle District of Florida is the Division encompassing Pinellas County, Florida, where the Action is pending.

6. This Court has original jurisdiction over the Action under 28 U.S.C. § 1332(a)(1), as it involves citizens of different states and an amount in controversy in excess of $75,000.00, exclusive of interest and costs. As a result, the Action "may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. Liberty has not answered the Complaint in the state court. Liberty has filed a Motion for Extension of Time to respond to the Complaint. No orders have been served by the state court on Liberty.

## DIVERSITY JURISDICTION

(A) **Diversity of Citizenship**

*(i) Endurance*

8. Endurance is a corporation organized under the laws of the State of Delaware corporation.

9. Endurance has its principal place of business in the State of New York.

10. Thus, Endurance is a citizen of the State of Delaware and the State of New York.

*(ii) Liberty*

---

[1] Despite acknowledging receipt of a copy of the Summons and Amended Complaint, Liberty reserves its rights to seek dismissal of the Action, including for insufficient process and/or insufficient service of process of the Complaint.

11. Liberty is a corporation organized under the laws of the State of Massachusetts.

12. Liberty has its principal place of business in the State of Massachusetts.

13. Liberty, thus, is a citizen of the State of Massachusetts.

14. Therefore, there is complete diversity of citizenship between Endurance and Liberty.

**(B) Amount in Controversy**

15. In seeking this Court's jurisdiction conferred by section 1332(a), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that…the notice of removal may assert the amount in controversy if the initial pleading seeks…a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000.]" 28 U.S.C. § 1446(c).

16. Here, Endurance's Complaint does not demand a specific sum from Liberty, but it is facially apparent from the allegations of the Complaint that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062–63 (11th Cir. 2010) (citing *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003)) ("The defendant may meet its burden [to prove the amount in controversy by a preponderance of the evidence] by establishing that it is facially apparent that the claims probably exceed $75,000.") (Internal quotations omitted).

17. "[D]istrict courts are permitted to make reasonable deductions and reasonable inferences, and need not suspend reality or shelve common sense in determining whether the face

of a complaint...establishes the jurisdictional amount." *Keogh v. Clarke Envtl. Mosquito Mgmt., Inc.*, 2013 WL 311154, at *2 (M.D. Fla. Jan. 17, 2013) (citing *Roe*, 613 F.3d at 1062-63). "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.*

18. Also, evidence accompanying this Notice of Removal presents additional support satisfying Liberty's burden to prove that the amount in controversy more likely than not exceeds $75,000. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062–63 (11th Cir. 2010) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753–54 (11th Cir. 2010)) ("[T]he removing defendant may present additional evidence—business records and affidavits, for instance—to satisfy its jurisdictional burden.")

*(1) Allegations in the Complaint for Damages*

19. Endurance's Complaint seeks declaratory relief and damages from Liberty for allegedly failing to defend and indemnify Endurance's insured, Comegys Insurance Agency, Inc. ("Comegys"), against a claim made by the Estate of Stone Forsyth Whitener (the "Estate"). (Ex. 1 ¶ 39.) Whitener, a 28-year old husband of five years, died in an automobile accident involving Robert Smith, who was insured by Liberty. (*Id.* ¶¶ 12-13.) Smith had procured insurance with Liberty through Comegys, which is Endurance's insured. (*Id.* ¶ 12.)

20. The Estate sued Smith in a prior state court action (*id.* ¶ 14), and Liberty provided Smith's defense. (*Id.* ¶ 15.) The Parties attended non-binding arbitration that ultimately resulted in the entry of a $7,364,520.00 final judgment. (*Id.* ¶¶ 21, 22). The majority of the sum, $5,750,000.00, was for past and future loss of companionship and pain and suffering. (*Id.* ¶ 23.)

21. Liberty paid the Estate its policy limits of $1.25 Million. (*Id.* ¶ 27).

22. Smith assigned its rights against Comegys to the Estate (*id.* ¶ 26), and the Estate

made a claim against Comegys "for the difference between the amount of the Final Judgment and [Liberty's] $1.25 Million payment." (*Id.* ¶ 34.) Endurance alleges that the Estate made "a time limited settlement demand" for payment of the $2,000,000 of Comegys' Errors & Omissions Policy with Endurance. (*Id.* ¶ 34.) Comegys settled with the Estate at a pre-suit mediation for an amount not disclosed in the Complaint. (*Id.* ¶ 41) ("On June 1, 2017, the Estate, Comegys and Endurance attended Mediation wherein ultimately Comegys and Endurance agreed to pay a sum certain to the Estate in exchange for a release of all claims related to Claim ("Loss")").

23.     Now Endurance, as subrogee of Comegys, is seeking damages from Liberty, in the amount Comegys paid to the Estate, for failing to defend and indemnify Comegys under an Agency Agreement and for failing to pay the loss. (*Id.* ¶¶ 46-47, 54.) In addition to these damages, Endurance seeks its attorney's fees and costs for defending Comegys in the Estate's claim against Comegys, which also is not specifically disclosed in Endurance's Complaint. (*Id.* at 10, Count I - "Wherefore" clause.)

24.     It is facially apparent from the allegations of Endurance's Complaint for Damages that the amount Endurance seeks to recover from Liberty probably exceeds $75,000. The difference between the $7.36 Million judgment and Liberty's $1.25 Million payment to the Estate is $6.11 Million. And, the Estate's time-limited settlement demand of $2 Million also indicates that the Estate more likely than not accepted a pre-suit settlement amount not much less than this demand. Considering that $5,750,000.00 of the $7.36 Million Judgment is alleged to have been allocated to past and future loss of companionship, pain, and suffering, it unlikely that the Estate would reduce its demand to anything below $75,000, especially at the pre-suit stage where no discovery had disclosed facts that could have devalued the Estate's claim. It can be reasonably deduced that the Estate accepted to settle its claim at the pre-suit mediation for an amount no less

than $75,000, and that Endurance is therefore seeking damages from Liberty in an amount exceeding $75,000, making the amount in controversy within this Court's jurisdiction.

*(2) Evidence Showing that Endurance Seeks More Than $75,000*

25. There is evidence that Endurance has assessed the value of its claim in this Action to be in excess of $75,000. A plaintiff's own assessment of the value of its case is relevant. *See Salsberry v. RT W. Palm Beach Franchise, Ltd*, 2014 WL 12479403, at *2 (S.D. Fla. Oct. 14, 2014) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994)).

26. Here, counsel for Endurance told counsel for Liberty that the amount Endurance paid in settlement of the Estate's claim against Comegys, which is being sought against Liberty in the Action, was approximately $1.5 Million. (*See* Lapin Decl., a copy of which is attached as Exhibit 2 to this Notice.) Endurance alleges Liberty breached the Agency Agreement with Comegys by not paying this amount, and Endurance seeks damages for such breach in this case. (Ex. 1, ¶¶ 41, 54 & 55.)

27. Based on Endurance's counsel's representation, it is more likely than not that the amount in controversy in this Action exceeds $75,000.

28. Accordingly, because: (a) there is complete diversity of citizenship between Endurance and Liberty; and, (b) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over the Action pursuant to 287 U.S.C. § 1332, and this action may be removed pursuant to 28 U.S.C. § 1441.

**(C)  The Civil Cover Sheet and State Court Record**

29. A civil cover sheet for this action is attached separately.

30. A complete copy of the state court record from the Action is attached as Exhibit 3.

LAPIN & LEICHTLING, LLP, 255 ALHAMBRA CIRCLE, SUITE 1250, CORAL GABLES, FLORIDA 33134 (305) 569-4100

Respectfully submitted,

LAPIN & LEICHTLING, LLP
*Attorneys for Liberty Mutual Insurance Company*
255 Alhambra Circle, Suite 1250
Coral Gables, Florida 33134
Telephone No.: (305) 569-4100

s/ Jeffrey S. Lapin
JEFFREY S. LAPIN (Fla. Bar No.: 993298)
jlapin@LL-Lawfirm.com
eservice@LL-Lawfirm.com
ALEJANDRA A. LOPEZ (Fla. Bar No.: 648981)
ALopez@LL-Lawfirm.com
eservice@LL-Lawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2017, the foregoing document was served this day on all counsel of record or pro se parties or their counsel identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

s/ Jeffrey S. Lapin
JEFFREY S. LAPIN (Fla. Bar No.: 993298)
jlapin@LL-Lawfirm.com
eservice@LL-Lawfirm.com
ALEJANDRA A. LOPEZ (Fla. Bar No.: 648981)
ALopez@LL-Lawfirm.com
eservice@LL-Lawfirm.com

## SERVICE LIST

James M. Kaplan, Esq.
Annette Urena Tucker, Esq.
Kaplan Zeena, LLP
2 South Biscayne Boulevard
One Biscayne Tower, Suite 3050
Miami, Florida 33131
Telephone: (305) 530-0800
Facsimile: (305) 530-0801
James.Kaplan@kaplanzeena.com
Susan.Clark@kaplanzeena.com
Annette.Tucker@kaplanzeena.com
*Via Email*