Filing # 62683893 E-Filed 10/11/2017 12:01:25 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION
CASE NO.:

ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY, a foreign corporation,
Individually and a/s/o COMEGYS INSURANCE
AGENCY, INC.,

    Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE COMPANY,
a foreign corporation,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY ("ENDURANCE") individually and as Subrogee of COMEGYS INSURANCE AGENCY, INC., sues Defendant, LIBERTY MUTUAL INSURANCE COMPANY, d/b/a SAFECO INSURANCE ("SAFECO"), and alleges:

### JURISDICTION AND THE PARTIES

1. The Court has jurisdiction over the subject matter of this action because the amount in controversy exceeds $15,000.00, exclusive of interest, attorneys' fees, and costs.

2. Venue is proper in this Court pursuant to § 47.022, Fla. Stat. in that the causes of action at issue in the lawsuit accrued in Pinellas County, Florida.

3. ENDURANCE is a foreign corporation registered to do business in the State of Florida and is the Errors and Omissions carrier for Comegys Insurance Agency, Inc. ("Comegys"), a family owned insurance agency located in St. Petersburg, Florida.

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, One Biscayne Tower Suite 3050, Miami, Florida 33131
Telephone: (305) 530-0800; Facsimile: (305) 530-0801

1

4. ENDURANCE brings this action both individually and as the Subrogee of Comegys pursuant to its E&O Policy.

5. SAFECO is a foreign corporation registered to do business in the state of Florida and doing substantial business within Pinellas County, Florida.

6. The Court has personal jurisdiction over SAFECO pursuant to § 48.193, Fla. Stat. for the following reasons:

   a. SAFECO operates, conducts, engages in and/or carries on business or a business venture in this state;

   b. SAFECO has breached a contract in this state by failing to perform acts required by the contract to be performed in this state;

   c. SAFECO has engaged in solicitation and/or service activities in this state; and

   d. SAFECO has committed at tortious act within this state.

7. All conditions precedent to the bringing of this action have been performed, waived, or excused.

## FACTUAL ALLEGATIONS

### Smith's Policy with SAFECO

8. At all relevant times, Comegys was and still is an insurance agency located in St. Petersburg, Florida which offered a variety of insurance products to its clients, including automobile insurance issued by SAFECO.

9. In or about 2012, Robert Smith ("Smith") contacted Comegys seeking to obtain automobile insurance on his 2008 Honda CR-V and 2011 Toyota Sienna. Smith wanted to compare his existing State Farm automobile policy which provided limits of $100K/$300K and umbrella coverage of $1 Million with Comegys' offerings. At no time during Smith's conversations with Comegys' did Smith discuss or disclose his financial position or wealth.

2

10. In January of 2012, Smith became a client of Comegys and purchased a primary auto insurance policy with limits of $250K/$500K, along with a $1 Million umbrella from SAFECO.

11. On January 13, 2014, at Smith's instruction, Comegys renewed Smith's policies with SAFECO with no change in limits. At or about the same time, Comegys offered to increase Smith's primary policy to a limit of $500,000/$1 Million and his excess policy to a limit of $2 Million at a modest increase in premium. Smith declined the offer of the increased limits.

12. In January of 2015, Smith again renewed his SAFECO policies through Comegys for an additional year with no change in limits.

### The Accident and Resulting Civil Action

13. On June 30, 2015, Smith was involved in a motor vehicle accident with Stone Forsyth Whitener (the "Decedent") wherein Smith's vehicle collided with the Decedent's motorcycle causing the Decedent's tragic death 18 days later (the "Accident"). The Decedent was a 28-year-old automotive technician who was married five (5) years with no children.

14. On December 10, 2015, the Decedent's Estate filed a Complaint for Wrongful Death and Damages against Smith in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 15-CA-007816 ("Underlying Action").

15. Smith tendered the claim to SAFECO which defended Smith in the Underlying Action through its panel counsel William G.K. Smoak ("Smoak").

16. Sometime thereafter, SAFECO tendered its policy limits of $1.25 Million to the Decedent's wife, Courtney Worthington Whitener ("Whitener"), as personal representative of the Estate of Stone Forsyth Whitener (the "Estate"), in exchange for a release in favor of Smith and SAFECO.

3

17. The Estate rejected the tender. Upon information and belief, at the time, the Estate believed that $1.25 Million was inadequate to compensate the Estate and Mrs. Whitener for the wrongful death of her husband; that SAFECO's tender was untimely; and that Smith should use his personal assets to increase the settlement offer in exchange for a release.

18. On January 29, 2016, Smoak sent Comegys a demand letter claiming that Comegys breached its fiduciary and common law duty to properly procure insurance coverage that was adequate to protect Smith's financial interests ("Smoak's Demand"). Smoak demanded that Comegys provide a defense to Smith in the Underlying Action (notwithstanding the fact that SAFECO was already providing a defense) and despite knowing that Comegys had not violated any duty of care to Smith.

19. On May 24, 2016, Comegys responded to Smoak's Demand stating that it would not undertake the defense but was continuing to investigate the facts and circumstances of the matter. Comegys further requested additional information from Smoak including any written settlement offers to the Estate by SAFECO.

20. Smoak failed or refused to provide Comegys with any information requested about SAFECO or its settlement offers to the Estate.

### The Conspiracy Among SAFECO, Smoak and the Estate

21. Almost immediately after Comegys' Response and after seven (7) months without any record activity (and no discovery of any kind) in the Underlying Action, SAFECO, Smith, and the Estate attended a one-day Nonbinding Arbitration with a pre-arranged result ("Nonbinding Arbitration").

22. At the conclusion of the Nonbinding Arbitration, the lone arbitrator found Smith to be negligent and 95% responsible for the death of the Decedent. The Decedent was assessed

4

5% responsibility for his comparative negligence. This resulted in a net award of $7,364,520.00 for the Estate ("Arbitration Award"). The record is bare of any facts supporting the Arbitration Award as a fair and reasonable valuation of the Underlying Action.

23. The majority of the Arbitration Award consisted of $5,750,000.00 for past and future loss of companionship and pain and suffering. There is no record evidence that SAFECO or Smith, through Smoak as SAFECO's appointed defense counsel, put on a defense at the Nonbinding Arbitration. There is no record evidence of any expert testimony, testimony from any eye-witnesses to the Accident, or any defense provided that may have mitigated the percentage of fault and the amount awarded in damages. The award was, of course, non-binding.

24. The Nonbinding Arbitration has all the hallmarks of a sham and was part of an orchestrated agreement among SAFECO, Smith (through Smoak), and the Estate, for SAFECO and Smith to be released from any obligation in the Underlying Action in exchange for:

  a. Payment of SAFECO's combined policy limits, which had previously been rejected;

  b. A non-recourse judgment against Smith coupled with an assignment of Smith's rights against Comegys; and

  c. Ginning up a negligence claim against Comegys out of whole cloth.

25. Following the Nonbinding Arbitration, and in furtherance of the conspiracy, SAFECO (which – after all – was not even a party to the Underlying Action) entered into a Joint Stipulation and Agreement with the Estate and Smith ("Joint Stipulation").

26. In the Joint Stipulation, SAFECO, Smith and the Estate expressly agreed that in exchange for an assignment of all Smith's rights against Comegys to Estate, Smith and SAFECO would receive a complete release (including a release of all claims for bad faith and extra-

5

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, One Biscayne Tower Suite 3050, Miami, Florida 33131
Telephone: (305) 530-0800; Facsimile: (305) 530-0801

contractual damages against SAFECO) and the Estate would not record or execute on the consent judgment to be entered against Smith by the Court in the amount of $7,364,520.00.

27. In furtherance of SAFECO's pecuniary interests, the Joint Stipulation provided a complete release for SAFECO after tender of its policy limits of $1.25 Million – the same amount previously rejected by the Estate.

28. The legitimacy of the Nonbinding Arbitration is belied by the very language of the Joint Stipulation which expressly provides that the "parties hereto desire entry of judgment which will fix the damages at a value arrived at by arms-length negotiations and as set forth by the Arbitration Award." (Emphasis supplied).

29. The Joint Stipulation lacks any mention of Smith's failures to purchase the additional insurance coverage that was offered to him or SAFECO's exposure to extra-contractual damages. Instead, the Joint Stipulation is replete with baseless contentions which sought to fabricate a claim against Comegys for an alleged failure to procure sufficient insurance for Smith despite the fact that Comegys offered to obtain limits equal to twice the amount of Smith's existing coverage for a modest increase in premium which Smith declined.

30. Once SAFECO signed the Joint Stipulation (allowing SAFECO to avoid any further expenses in the Underlying Action and completely eliminating its bad faith exposure), SAFECO, in furtherance of the conspiracy, permitted its appointed defense counsel (on behalf of Smith) and the Estate to deceive the court by petitioning for the entry of a Final Judgment based on the Arbitration Award.

31. In a breathtakingly sparse Agreed Motion for Entry of Final Judgment in Accordance with Arbitration Award, SAFECO and Smith (through SAFECO's appointed defense counsel, Smoak) and the Estate represented to the Court that a Final Judgment should be

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, One Biscayne Tower Suite 3050, Miami, Florida 33131
Telephone: (305) 530-0800; Facsimile: (305) 530-0801

entered in accordance with the attached Arbitration Award (the "Motion"). The Motion itself consists of only two paragraphs stating that: 1) "a contested Arbitration was held on June 20, 2016 and the attached Arbitration Award was duly entered on June 20, 2016"; and 2) "all parties hereto are in agreement that the submitted Final Judgment should be entered".

32. The Court was provided with no more information. The Court was never informed that the judgment was non-recourse or that Comegys was the real target for recovery – let alone that Smith declined to purchase double the limits of his insurance. Indeed, the Court was provided with no information other than the Arbitration Award and that the Estate and Smoak, on behalf of SAFECO and Smith, agreed to the entry of the Arbitration Award as a final judgment.

33. On September 2, 2016, in reliance on the foregoing representations, the Court entered the final judgment as submitted by the parties finding Smith 95% at fault for a net judgment against him in the amount of $7,364,520.00 ("Final Judgment").

## Comegys' Demand to SAFECO

34. Thereafter, and as crafted by the co-conspirators, the Estate sought recovery from Comegys for the difference between the amount of the Final Judgment and SAFECO's $1.25 Million payment. Specifically, on November 23, 2016, Comegys and ENDURANCE received a time limited settlement demand from the Estate, as assignee of all rights and claims of Smith for payment of the $2,000,000 limit of Comegys' E&O policy with ENDURANCE.

35. Having obtained a judgment against Smith with the benefit of SAFECO's assistance, and as Smith's assignee, the Estate claimed that Comegys undertook and breached a duty to assess the suitability of the scope and amount of insurance coverage placed on Smith's behalf leaving him allegedly underinsured when he was involved in the Accident (the "Claim").

7

36. On December 9, 2016, a demand letter was sent to SAFECO on behalf of Comegys ("Comegys' Demand Letter") requesting that SAFECO provide Comegys with a defense and indemnification with respect to the Estate's Claim.

37. Comegys' demand was made pursuant to the indemnification provision contained in the Safeco Property and Casualty Limited Appointment of Agency Agreement entered into on January 14, 2015 between Liberty Mutual Insurance Company and Safeco of Florida, for whom Comegys was a sub-producer ("Agency Agreement").

38. The broad language of the indemnification provision of the Agency Agreement specifically provides:

> Company [Safeco] shall defend, indemnify, protect and hold Agency [Comegys] harmless from and against any and all liability claims, suits, regulator or administrative proceedings, and investigations, losses, damages, costs, penalties and expenses, included court costs and reasonable attorneys' fees related thereto, arising out of or incurred by reason of the breach of this Limited Agreement by, or any actual or alleged negligent or intentional act, error or omission on the part of, the Company, its directors, officers, employees or others acting on Company's behalf in the placement of business pursuant to or carrying out the terms and conditions of this Limited Agreement, except to the extent that such act, error or omission was expressly and knowingly authorized, concurred in or ratified by Agency. Company's indemnification obligation includes all costs, expense and attorneys' fees incurred by Agency to enforce this indemnity obligation.

*See* Agency Agreement at p. 5 of 11, ¶ 7.B attached hereto and incorporated herein by reference as Exhibit "A".

39. SAFECO failed to respond to Comegys' Demand Letter and has likewise failed to defend and indemnify Comegys from the Claim asserted by the Estate.

40. On April 5, 2017, Comegys renewed its demand and invited SAFECO to participate in a pre-suit mediation between the Estate, Comegys and ENDURANCE in an attempt at a global resolution for all issues associated with the Claim ("Mediation"). Initially,

8

SAFECO agreed to attend Mediation, but then reneged the day before and declined to participate in the Mediation.

41. On June 1, 2017, the Estate, Comegys and ENDURANCE attended Mediation wherein ultimately Comegys and ENDURANCE agreed to pay a sum certain to the Estate in exchange for a release of all claims related to Claim ("Loss").

42. Pursuant to the Policy it issued to Comegys, and by operation of law, ENDURANCE is subrogated to all of Comegys' rights of recovery against any person or organization.

## COUNT I

### DECLARATORY RELIEF

43. Plaintiff re-alleges and incorporates by reference the allegations made in Paragraphs 1 through 42 of the Complaint, with the same force and effect as if fully set forth herein.

44. This is an action for declaratory relief pursuant to Florida Statutes §§ 86.011, *et seq*.

45. This action addresses a genuine justiciable issue and/or actual controversy between the parties relating to SAFECO'S responsibilities under the Agency Agreement to defend and indemnify Comegys against the Claim raised by the Estate.

46. As more fully set forth *supra*, ENDURANCE has paid and/or became obligated to pay certain sums of money to the Estate.

47. ENDURANCE contends that SAFECO was obligated to defend and indemnify Comegys and now ENDURANCE with regards to the Estate's Claim pursuant to the broad language of the Agency Agreement.

9

48. SAFECO contends that it is not obligated to defend and indemnify Comegys and now ENDURANCE under the Agency Agreement for the Claim asserted by the Estate and has refused to do so to date.

49. In light of the foregoing, ENDURANCE and SAFECO have an actual, present, adverse and antagonistic interest either in fact or law. There is a bona fide, actual, present and practical need for a resolution of these interests, and a declaration of the respective rights of the parties; such declaration deals with a present, ascertained, or ascertainable state of facts and/or present controversy as to a state of facts; the rights of the parties are dependent upon the facts or the law applicable to the facts; and the antagonistic and adverse interests are all before the Court by proper process.

50. Pursuant to Section 7 of the Agency Agreement, ENDURANCE as the subrogee of Comegys is entitled to receive its attorneys' fees and cost incurred in this litigation.

WHEREFORE, Plaintiff, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, respectfully requests that the Court grant relief as follows:

a) Declare that SAFECO is responsible to indemnify ENDURANCE for the Claim made by the Estate;

b) Declare that the Agency Agreement is in full force and effect and that SAFECO is responsible for paying the Loss pursuant to the terms of the Agency Agreement;

c) Award Plaintiff the attorneys' fees and costs incurred in the prosecution of this lawsuit and the defense of Comegys in the claim brought by the Estate as Smith's assignee; and

d) Award such other and further relief as this court deems appropriate.

10

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, One Biscayne Tower Suite 3050, Miami, Florida 33131
Telephone: (305) 530-0800; Facsimile: (305) 530-0801

## COUNT II

## BREACH OF CONTRACT

51.     Plaintiff re-alleges and incorporates by reference the allegations made in paragraphs 1 through 42 of the Complaint, with the same force and effect as if fully set forth herein.

52.     On or about January 14, 2015, Comegys and SAFECO entered into the Agency Agreement whereby SAFECO agreed to defend and indemnify Comegys from and against all liability for claims, suits, loses, damages, costs, and expenses, including at including court costs and reasonable attorneys' fees related thereto, arising out of or incurred by reason of breach of Agency Agreement or any actual or alleged negligent or intentional act, error or omission on the part of SAFECO.

53.     SAFECO breached the Agency Agreement by orchestrating the execution of the Joint Stipulation and the subsequent fraud on the Court culminating in the entry of the Final Judgment and ultimately, creating or allowing the circumstances that led directly to Plaintiff's Loss, as more fully described *supra* in Paragraphs 21 through 42.

54.     SAFECO further breached the Agency Agreement by failing to pay the Loss, or otherwise, by declaring their intention not to attend mediation or indemnify Comegys.

55.     As a direct and proximate result of SAFECO's breach of the Agency Agreement, Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this Court to be proven at trial.

56.     Pursuant to Section 7 of the Agency Agreement, Plaintiff is entitled to receive its attorneys' fees and cost incurred in this litigation.

11

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, One Biscayne Tower Suite 3050, Miami, Florida 33131
Telephone: (305) 530-0800; Facsimile: (305) 530-0801

WHEREFORE, Plaintiff, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, demands judgment against SAFECO for damages in an amount to be proven at trial, attorneys' fees, litigation costs, interest and such other relief as this Court deems just and proper.

## COUNT III

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

57. Plaintiff re-alleges and incorporates by reference the allegations made in paragraphs 1 through 42 of the Complaint, with the same force and effect as if fully set forth herein.

58. On or about January 14, 2015, Comegys and SAFECO entered into the Agency Agreement whereby SAFECO agreed to defend and indemnify Comegys from and against all liability for claims, suits, loses, damages, costs, and expenses, including at including court costs and reasonable attorneys' fees related thereto, arising out of or incurred by reason of breach of Agency Agreement or any actual or alleged negligent or intentional act, error or omission on the part of, the Company.

59. The Agency Agreement is ambiguous as to the scope of the conduct in question.

60. SAFECO, through a conscious and deliberate act, failed to or refused to discharge its contractual obligations, which unfairly frustrates the contract's purpose and disappoints Comegys' expectations.

61. SAFECO's breach deprived Comegys of certain benefits of the Agency Agreement.

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, One Biscayne Tower Suite 3050, Miami, Florida 33131
Telephone: (305) 530-0800; Facsimile: (305) 530-0801

Case 8:17-cv-02832-VMC-CPT   Document 2   Filed 11/22/17   Page 13 of 16 PageID 39

62. As a direct and proximate result of SAFECO's breach of the implied covenant of good faith and fair dealing, Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this Court to be proven at trial.

WHEREFORE, Plaintiff, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY demands judgment against SAFECO for damages in an amount to be proven at trial, attorneys' fees, litigation costs, interest and such other relief as this Court deems just and proper.

## COUNT IV

## FRAUD ON THE COURT

63. Plaintiff re-alleges and incorporates by reference the allegations made in paragraphs 1 through 42 of the Complaint as if fully set forth herein.

64. SAFECO, through its actions fully articulated in paragraphs 1 through 42, *supra*, set in motion an unconscionable scheme calculated to interfere with the Court's ability to impartially adjudicate the Underlying Action.

65. SAFECO, through its actions and inactions, improperly assisted in influencing the Court to enter into a Final Judgment, without full disclosure of the material facts associated therewith and impeded the Court's ability to impartially adjudicate the matter.

66. Based on SAFECO's acts, the Court was unaware that the judgment was non-recourse or that Comegys was the only target for recovery.

67. As a proximate result of the wrongful acts of SAFECO, Plaintiff has been damaged.

WHEREFORE, Plaintiff, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, demands judgment against Defendant, SAFECO, in an amount to be proven at trial and such other relief as this Court deems just and proper.

13

## COUNT V

## CIVIL CONSPIRACY

68. Plaintiff re-alleges and incorporates by reference the allegations made in paragraphs 1 through 42 of the Complaint as if fully set forth herein.

69. SAFECO knowingly and willfully agreed with Smith and the Estate to conspire against Plaintiff in order to further its own pecuniary interest by deceiving the Court and fabricating a claim against Comegys to Plaintiff's detriment and to the perversion of the judicial process, as more fully articulated in Paragraphs 1 through 42, *supra*.

70. SAFECO overtly participated in the sham arbitration, the fabrication of a claim against Comegys and sought to – and did – deceive the Court into entering a contrived Final Judgment, which intentionally omitted material facts.

71. As a proximate result of the wrongful acts of SAFECO, Plaintiff has been damaged.

72. Plaintiff was damaged by SAFECO's actions and is entitled to the relief sought herein.

WHEREFORE, Plaintiff, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, demands judgment against Defendant, SAFECO, in an amount to be proven at trial and such other relief as this Court deems just and proper.

## COUNT VI

## NEGLIGENT MISREPRESENTATION

73. Plaintiff re-alleges and incorporates by reference the allegations made in paragraphs 1 through 42 of the Complaint as if fully set forth herein.

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, One Biscayne Tower Suite 3050, Miami, Florida 33131
Telephone: (305) 530-0800; Facsimile: (305) 530-0801

74. SAFECO made misrepresentations or omissions of material fact by executing the Joint Stipulation and directing that its appointed defense counsel file the Motion relating to the Non-Binding Arbitration in order for the Court to enter into a Final Judgment.

75. SAFECO knew of the materiality and falsity of these representations or omissions, made the representations or omissions without the knowledge of their truth or falsity, or, in the exercise of due care, should have known the representations or omissions were false.

76. SAFECO intended the Court to enter the Final Judgment based on the misrepresentations.

77. The Court, in justifiable reliance upon the Joint Stipulation and Motion executed by SAFECO, and without the benefit of the full facts as set forth hereinabove, entered the Final Judgment to the detriment of Plaintiff.

78. As a direct and proximate result of Safeco's actions, Plaintiff has been damaged.

WHEREFORE, Plaintiff, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, demands judgment against Defendant, SAFECO, in an amount to be proven at trial and such other relief as this Court deems just and proper.

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, One Biscayne Tower Suite 3050, Miami, Florida 33131
Telephone: (305) 530-0800; Facsimile: (305) 530-0801

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues triable as of right by jury.

Dated this 11th day of October, 2017.

        Respectfully submitted,

        **KAPLAN ZEENA LLP**
        *Attorneys for Plaintiff Endurance American Specialty Insurance Company*
        2 South Biscayne Blvd.
        One Biscayne Tower, Suite 3050
        Miami, FL 33131
        Tel: 305-530-0800
        Fax: 305-530-0801

        By: /s/ *James M. Kaplan*
            JAMES M. KAPLAN
            Florida Bar No. 921040
            James.Kaplan@kaplanzeena.com
            Susan.Clark@kaplanzeena.com
            ANNETTE URENA TUCKER
            Florida Bar No. 0014838
            Annette.Tucker@kaplanzeena.com

16

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, One Biscayne Tower Suite 3050, Miami, Florida 33131
Telephone: (305) 530-0800; Facsimile: (305) 530-0801