UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY,

    Plaintiff,
v.         Case No. 8:17-cv-2832-T-33CPT

LIBERTY MUTUAL INSURANCE COMPANY,
SAFECO INSURANCE COMPANY OF
ILLINOIS, and SAFECO INSURANCE
COMPANY OF AMERICA,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Safeco Insurance Company of Illinois' February 19, 2019, Objection to the Magistrate Judge's Order denying as untimely Defendant's Motion to Compel Production. (Doc. # 82). On March 12, 2019, Plaintiff Endurance American Specialty Insurance Company filed a Response to the Objection. (Doc. # 95). For the reasons that follow, the Court overrules Safeco's objection to the Magistrate Judge's discovery Order.

**I. Background**

  **A. The Underlying Wrongful Death State Court Case**

Comegys is a St. Petersburg, Florida insurance agency that sells automobile insurance and umbrella policies issued by Defendant Safeco. (Doc. # 16 at ¶ 9). In 2012, Robert Smith purchased from Comegys "a primary auto insurance policy with

limits of $250k/$500k along with a $1 million umbrella from Safeco." (Id. at ¶ 11). Smith renewed his policies in 2014 and 2015, and declined Comegys' offer to increase the policy limits. (Id. at ¶¶ 12, 13).

On June 30, 2015, Smith was involved in a car crash that resulted in the death of Stone Whitener, a 28-year old automotive technician. (Id. at ¶ 14). Whitener's estate brought a wrongful death suit against Smith in Pinellas County, Florida on December 10, 2015. (Id. at ¶ 15). Smith tendered the claim to Safeco and Safeco provided a defense through its chosen counsel William G.K. Smoak. (Id. at ¶ 16). In addition, Safeco tendered its policy limits of $1.25 Million to Whiterner's widow and Personal Representative, but she rejected the tender. (Id. at ¶¶ 17, 18). "At that time, the Estate believed that $1.25 Million was inadequate to compensate the Estate and Mrs. Whitener for the wrongful death of her husband, that Safeco's tender was untimely; and that Smith should use his personal assets to increase the settlement offer in exchange for a release." (Id. at ¶ 18).

On January 29, 2016, Smoak sent Comegys a demand letter claiming that Comegys breached its fiduciary and common law duty to properly procure insurance coverage that was adequate to protect Smith's financial status. (Id. at ¶ 19). Smoak

2

demanded that Comegys provide a defense to the wrongful death action, even though Safeco was already doing so. (Id.).

Months later, Safeco, Smith, and the Estate attended a one-day nonbinding arbitration. (Id. at ¶ 22). The arbitrator found Smith to be negligent and 95% responsible for the death of Whitener. (Id. at ¶ 23). The arbitrator found Whitener to be 5% comparatively negligent. (Id.). This resulted in a net award of $7,364,520.00 for the Estate. (Id.). Following the arbitration, Safeco entered into a Joint Stipulation and Agreement with the Estate and Smith. (Id. at ¶ 25). In the Joint Stipulation, Safeco, Smith, and the Estate agreed that in exchange for an assignment of all of Smith's rights against Comegys to the Whitener Estate, Smith and Safeco would receive a complete release (including a release of all claims for bad faith and extra-contractual damages against Safeco), and the Estate would not record or execute on the consent judgment to be entered against Smith in the amount of $7,364,520.00. (Id. at ¶ 26). The Joint Stipulation provided a complete release for Safeco after tender of its policy limits of $1.25 Million- the same amount the Estate previously rejected. (Id. at ¶ 27). The Pinellas County state court adopted the arbitration award by entering a final judgment against Smith in the amount of $7,364,520.00. (Id. at ¶ 33).

Thereafter, the Estate pursued Comegys and Endurance American Specialty Insurance Company for the difference between the $7,364,520.00 final judgment and Safeco's $1.25 Million tender. (Id. at ¶ 34). Endurance is Comegy's Errors and Omissions insurance carrier. (Id.). In fact, the Estate offered to settle for $2 Million, which happens to be the limit for Comegys' E&O policy with Endurance. (Id.).

**B.    The Present Action**

Comegys and Endurance claim that the nonbinding arbitration that resulted in the final judgment was a sham and that Safeco, Smith, and the Estate engaged in a conspiracy to saddle Endurance with the full brunt of the loss. Therefore, Endurance filed suit against Liberty Mutual (doing business as Safeco) in state court on October 11, 2017 (Doc. # 2). Among other counts, Endurance sues Safeco for "Fraud on the Court" because: (1) Safeco "set in motion an unconscionable scheme calculated to interfere with the [state court's] ability to impartially adjudicate the [u]nderlying [a]ction," (2) Safeco "improperly assisted in influencing the [state court] to enter into a Final Judgment, without full disclosure of the material facts associated therewith," and (3) Safeco failed to inform the state court that "the judgment was non-recourse" and that "Comegys was the only target for recovery." (Id. at ¶¶ 63-66).

4

On November 22, 2017, Liberty Mutual removed the action to this Court based on complete diversity of citizenship. (Doc. # 1). Thereafter, Endurance filed an Amended Complaint for (1) declaratory relief; (2) breach of contract; (3) breach of implied covenant of good faith and fair dealing; (4) fraud on the state court; (5) civil conspiracy; and (6) negligent misrepresentation. (Doc. # 16). Defendants filed Answers to the Amended Complaint. (Doc. ## 21, 22).

C. **On-going Discovery Disputes and Scheduling Matters**

Prior to the removal of the case, in October of 2017, Endurance served Liberty Mutual with its initial Request for Production. (Doc. # 24 at 2). Liberty Mutual received at least five extensions of time to produce the documents. (Id.). According to Endurance, when Liberty Mutual finally responded to the Request for Production, Liberty Mutual objected to each request and did not provide adequate documents. (Id.). Accordingly, on July 3, 2018, Endurance filed a Motion to Compel. (Id.). Liberty Mutual responded to the Motion to Compel, stating that it withdrew its categorical objections and that the motion was a moot point. (Doc. # 28). The then-presiding District Judge, the Honorable Richard A. Lazzara, held a hearing on the Motion to Compel and ultimately denied the Motion to Compel without prejudice. (Doc. ## 29, 30).

Thereafter, on August 10, 2018, Endurance filed another Motion to Compel (Doc. # 36), which Judge Lazzara denied on August 13, 2018. (Doc. # 37).

On August 17, 2018, Safeco filed a 61-page amended privilege log. (Doc. # 40). On August 21, 2018, Endurance filed a renewed motion to compel or, in the alternative, request for in camera inspection. (Doc. # 42). Endurance indicated: "Safeco's assertions of work product and/or attorney-client privilege over claim file and claim notes are without merit and inapplicable to this case. . . . Safeco continues to withhold documents in its claim file and claim notes on the basis of work-product immunity for documents that were seemingly not created in anticipation of litigation, and are at the core of the instant litigation. Safeco has also withheld materials under the auspices of the attorney-client privilege; however, the listed materials do not appear to be communications with any attorney. Further, the materials withheld on the basis of privilege also fall within the crime fraud exception. As these matters are not protected communications, Safeco should be compelled to produce the documents withheld." (Id. at 3). After hearing from Defendants, Judge Lazzara held a hearing and granted the Renewed Motion to Compel in part. (Doc. ## 47, 48).

On October 2, 2018, the case was assigned to the Undersigned. (Doc. # 52). The Court entered an Amended Case Management and Scheduling Order, which among other things, set the discovery deadline as November 22, 2018. (Doc. # 55). The discovery deadline was later extended to December 21, 2018. (Doc. # 66).

Shortly thereafter, on November 6, 2018, Safeco filed a Motion to Compel, specifically targeting claims notes. (Doc. # 61). Safeco asserted that Endurance provided insufficient answers to interrogatories and pointed out that Endurance classified its claims notes as privileged on privilege logs, but that such claims notes should be discoverable. Safeco argued:

> Endurance refused to provide a single document that could reveal its evaluation of the claim against Comegys, asserting attorney-client privilege, work product doctrine, or both, and implying that it conducted no evaluation of the claim in its ordinary course of business, instead anticipating litigation from the very moment Smith tendered his defense to Comegys. Endurance's response is the opposite tack it took when it successfully moved to compel Safeco's <u>entire</u> claim file, claiming Safeco's motives and actions in settling the wrongful death claim are "central" to its theory of relief.

(<u>Id.</u>). Endurance fired back with its own Motion to Compel Better Responses to Plaintiff's Third Request for Production, filed on November 9, 2018. (Doc. # 63). The Magistrate Judge

7

held a discovery hearing on the then-pending Motions to Compel on December 6, 2018. (Doc. # 74). The Magistrate Judge filed a written Order on December 20, 2018, granting both motions in part.

The Magistrate Judge held that Endurance's interrogatory answers were adequate and therefore denied Safeco's motion to compel on that matter. However, the Magistrate Judge granted Safeco's request for an in camera review of Endurance's privilege log and withheld documents, explaining: "The Court agrees that *in camera* review is appropriate here, particularly given the difficulty in insurance cases in determining whether documents prepared by the insurance company were created in the ordinary course of business (i.e., to investigate claims) or to help in possible future [] litigation." (Doc. # 74 at 10).

The Magistrate Judge also granted Endurance's Motion to Compel in part by directing Safeco to produce any insurance quotes offered to Smith, as well as any documentation reflecting Safeco's evaluation of the appropriate amount, type, and/or extent of insurance that was necessary or appropriate for Smith, which is contained within Safeco's underwriting file. (Id. at 11).

After conducting the in camera review, the Magistrate

Judge entered an Order on January 9, 2019, requiring Endurance to provide numerous documents (documents 5-6, 12-46, 73-82, and 596) to Safeco by January 16, 2019. (Doc. # 77). The passage of the discovery deadline on December 21, 2018, did not affect the required production of documents.

On January 22, 2019, Defendants filed their Motion for Summary Judgment. (Doc. # 78). That Motion is ripe for review. On January 31, 2019, Safeco filed a Motion to Compel Production. (Doc. # 79). Safeco reiterated that it served numerous requests for production on Endurance, including its initial request for production served on July 21, 2018. Safeco explained that on December 18, 2018, Safeco took the deposition of Anthony Burrows, Endurance's corporate representative. (Doc. # 79 at ¶ 6). Burrows testified extensively about Endurance's claims notes. (Id. at ¶¶ 7-10). Safeco posits that the claims notes were not produced, and that Burrows's characterization of the claims notes makes it clear that such notes were responsive to Safeco's requests for production. Safeco contends: "Endurance neither produced its claims notes nor listed them on any iteration of its Privilege Log. Accordingly, Endurance has prevented Safeco not only from assessing a claim that Endurance's claim notes are privileged or otherwise protected from discovery, but from

even knowing that the claims notes exist." (Id. at 5-6).

On February 4, 2019, the Magistrate Judge denied the Motion to Compel without analysis of the merits, finding the Motion to be untimely filed because it was filed after the December 21, 2018, discovery deadline. (Doc. # 80). Thereafter, Safeco filed a Motion for Reconsideration of the denial of the Motion to Compel as well as an Objection to the Order. (Doc. ## 81, 82). On March 4, 2019, the Magistrate Judge denied the Motion for Reconsideration, stating: "Safeco has not provided a valid basis for reconsideration here. While Safeco urges that it only discovered the existence of [ ] purportedly critical documents on December 18, 2018, it did not file its motion to compel until January 31, 2019, more than six weeks later." (Doc. # 91 at 3).

**D.  Objection to Discovery Order**

At this juncture, the Magistrate Judge has denied the Motion for Reconsideration and this Court is tasked with determining whether the Objection to the February 4, 2019, Order should be overruled or sustained.

A district court shall consider objections to a magistrate judge's order on nondispositive matters and modify or set aside any portion of the order if it is found to be "clearly erroneous" or "contrary to law."  Fed. R. Civ. P.

10

72(a). A finding of fact is clearly erroneous only if the reviewing court is left with a definite and firm conviction that a mistake has been made. See Ford v. Haley, 195 F.3d 603, 617 (11th Cir. 1999). A finding is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. 800 Adept, Inc. v. Murex Sec., Ltd., No. 6:02-cv-1354-Orl-19AB, 2007 U.S. Dist. LEXIS 70861, at *6 (M.D. Fla. Sept. 25, 2007).

### III. Analysis

Safeco requests that this Court set aside the Magistrate Judge's February 4, 2019, Order as both clearly erroneous and contrary to law and further requests that this Court "have the Magistrate Judge consider the merits of Safeco's Motion to Compel." (Doc. # 82 at 1). Safeco underscores its position that Endurance wrongfully "concealed" the existence of electronic claims notes until a December 18, 2018, deposition, and explains that the relevant deposition was not transcribed until January 2, 2019. (Id. at 1-2).

Safeco also argues: "it would be contrary to law to enable Endurance to hide critical, unquestionably responsive documents by withholding them while at the same time failing to disclose them on its Privilege Log, and then because such violation is not revealed until the end of the discovery

11

period, prevent Safeco from getting any relief for such a violation." (Id. at 2).

In response, Endurance persuasively argues that the parties agreed upon December 21, 2018, as the discovery deadline and when Safeco learned of the claims notes on December 18, 2019, it should have taken action, even if that meant acting swiftly. This Court entered the Case Management and Scheduling Order on October 5, 2018, establishing December 21, 2018, as the discovery deadline and stating: "The Court may deny as untimely all motions to compel filed after the discovery deadline." (Doc. # 55 at 4). It would not comport with the notions of justice and fairness to the parties as well as to the Magistrate Judge to sustain an objection to an Order denying as untimely a motion to compel filed on January 31, 2019, well after the expiration of the December 21, 2018, discovery deadline.

Here, the parties were actively engaged in discovery and brought many discovery disputes to the attention of Court. The Court handled many discovery disputes and held discovery hearings - even conducting an in camera review of privilege log documents. The passage of the discovery deadline heralded in a new phase of the case, the dispositive motions phase. This Court agrees that the relevant motion to compel was

untimely filed and therefore cannot characterize the Magistrate Judge's discovery Order as clearly erroneous or contrary to law. And, Endurance has pointed to several cases that support the denial of a motion to compel filed after the discovery deadline. See Davis v. Westfield Ins. Co., No. 6:15-cv-1936-Orl, 2016 WL 9526447, at *3 (M.D. Fla. Dec. 15, 2016)(denying a motion to compel filed six weeks after the expiration of the discovery deadline); Eli Research, LLC v. Must Have Info., Inc., No. 2:13-cv-695-FtM-38CM, 2015 WL 4694046, at *2 (M.D. Fla. Aug. 6, 2015)(denying motion to compel, which was filed three days after the discovery deadline). Here, the Court overrules the Objection to the Magistrate Judge's discovery Order because "Motions to compel must be brought in a timely manner." Pushko v. Klebener, No. 3:05-cv-211-J25HTS, 2007 WL 2671263, at *2 (M.D. Fla. Sept. 7, 2007).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Safeco Insurance Company of Illinois' February 19, 2019, Objection to the Magistrate Judge's Order denying as untimely Defendant's Motion to Compel Production (Doc. # 82) is **OVERRULED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd

13

day of April, 2019.

                                          VIRGINIA M. HERNANDEZ COVINGTON
                                              UNITED STATES DISTRICT JUDGE