UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ENDURANCE AMERICAN
SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.                                              Case No. 8:17-cv-2832-T-33CPT

LIBERTY MUTUAL INSURANCE
COMPANY, SAFECO INSURANCE
COMPANY OF ILLINOIS, and
SAFECO INSURANCE COMPANY
OF AMERICA,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause is before me on referral for consideration of a *Motion for Entitlement to Attorneys' Fees Based on Contract* filed by Plaintiff Endurance American Specialty Insurance Company (Endurance) (Doc. 211), and the response in opposition submitted by Defendants Safeco Insurance Company of Illinois and Safeco Insurance Company of America (collectively, Safeco) (Doc. 214). For the reasons discussed below, I respectfully recommend that the Court deny Endurance's motion.

I.

The background of this case is recounted in my prior report and recommendation (R&R, Doc. 204 at 2-5) but bears repeating here. In June 2015,

Robert Smith was involved in a motor vehicle accident with Stone Whitener that resulted in Whitener's death. At the time of the accident, Smith had auto insurance and umbrella policies with Safeco. Smith obtained these insurance policies through a broker, Comegys Insurance Agency, Inc. (Comegys), which had an Errors and Omissions (E&O) policy with Endurance during the relevant period.

In December 2015, Whitener's Estate brought a wrongful death action against Smith in state court (the Underlying Action). Safeco assumed the defense of Smith in that action, and Safeco, Smith, and Whitener's Estate thereafter agreed to a consent judgment against Smith in the amount of $7,364,520, coupled with an assignment to the Whitener Estate of Smith's rights against Comegys.

After the termination of the Underlying Action, Comegys and Endurance received a settlement demand from Whitener's Estate (as assignee of all Smith's rights and claims) for the limit of Comegys's E&O policy with Endurance. In response to this demand, Comegys unsuccessfully sought a defense and indemnification from Safeco pursuant to the indemnification provision in an Agency Agreement between Comegys and Safeco's parent company, Defendant Liberty Mutual Insurance Company (Liberty Mutual). Comegys and Endurance eventually agreed to pay Whitener's Estate $1,537,500 in exchange for a release of all claims related to the accident and in full settlement of all amounts due as a result of the Underlying Action.

Three months later, in October 2017, Endurance, individually and as subrogee of Comegys, initiated the present lawsuit in state court against Liberty Mutual. Following removal to this Court, Endurance amended its complaint, adding Safeco as

a defendant and seeking indemnification for the amount Endurance paid to Whitener's Estate. (Doc. 16). Endurance's amended complaint asserted claims for, *inter alia*, breach of the indemnification provisions of the parties' Agency Agreement and breach of the implied covenant of good faith and fair dealing based upon Liberty Mutual and Safeco's alleged failure to comply with their indemnity obligations. *Id*.

The case ultimately proceeded to a jury trial in July 2019. During that trial, the parties agreed to release Liberty Mutual as a defendant. At the conclusion of the trial, the jury found Safeco liable for breach of the Agency Agreement and for breach of the implied covenant of good faith and fair dealing. As a result, on July 31, 2019, the Clerk of Court entered Judgment in Endurance's favor as to these two counts in the amount of $1,592,500. That sum was comprised of the $1,537,500 settlement amount paid to Whitener's Estate, plus attorneys' fees and expenses incurred by Endurance in settling the Estate's claim. The Judgment, however, reserved on the matter of attorneys' fees, costs, and prejudgment interest sustained in connection with the litigation of this action.

Endurance thereafter timely moved for such fees based upon Florida's offer of judgment statute, Fla. Stat. § 768.79, as well as costs, and prejudgment interest. (Doc. 165). In my R&R, I recommended that the Court deny Endurance's request for fees but grant in part Endurance's request for costs and interest. (Doc. 204). The Court adopted that recommendation in August 2020 over Endurance's objections. (Doc. 217).

In mid-July 2020, while the R&R was still pending, Endurance filed the instant motion, this time seeking attorneys' fees as the prevailing party based upon its rights under the Agency Agreement. (Doc. 211). Safeco opposes Endurance's motion primarily on the grounds that the motion is untimely. (Doc. 214).

II.

Federal Rule of Civil Procedure 54(d)(2) states, in pertinent part, that, "[u]nless otherwise provided by statute or order of the court," a motion for attorney's fees "must be filed no later than 14 days after entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). The rationale for this deadline includes ensuring "that the opposing party is informed of the claim [for attorneys' fees fees] before the time for appeal has elapsed," and affording the court "an opportunity . . . to resolve fee disputes shortly after trial, while the services performed are freshly in mind." Fed. R. Civ. P. 54 advisory committee's notes to 1993 amendment.

Akin to Rule 54(d)(2), Local Rule 4.18 directs that "all claims for . . . attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment." M.D. Fla. R. 4.18(a). Both the United States Supreme Court and the Eleventh Circuit have approved of the use of fee application deadlines like those contained in Rule 54(d)(2) and Local Rule 4.18. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 454 (1982) ("[T]he district courts [are] free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees."); *Grayden v. City of*

4

*Orlando*, 171 F. App'x 284, 286 (11th Cir. 2006) (per curiam) (approving M.D. Fla. R. 4.18(a)).

The time constraints set forth in Rule 54(d)(2) and Local Rule 4.18(a) are not immutable, however, and may be extended under Rule 6(b).  Fed. R. Civ. P. 6(b)(1). That rule authorizes courts to "enlarge a period of time and [to] permit an untimely filing where the omission is a result of excusable neglect." *Envtl. Biotech, Inc. v. Sibbitt Enters.*, 2009 WL 1653563, at *2 (M.D. Fla. June 10, 2009) (citations omitted); *see also* Rule 6(b)(1)(B).  In assessing if neglect is excusable, courts "look to the danger of prejudice to the nonmovant, the length of the delay and its impact on the proceedings, and the reason for the delay," such as "whether the movant acted in good faith and whether the delay was within the reasonable control of the movant." *Porcelli v. Onebeacon Ins. Co.*, 2006 WL 3333599, at *2 (M.D. Fla. Nov. 16, 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Lim. P'ship*, 507 U.S. 380, 391-92 (1993)).  While "a somewhat 'elastic concept,'" excusable neglect usually does not include inadvertence, ignorance of the rules, or mistakes made in construing the rules. *Id*. (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 425).

Against this backdrop, Endurance's fee motion fails.  To begin, Endurance filed its motion nearly a year after the Court entered Judgment in this action in July 2019. As such, the motion falls well outside of the fourteen-day window allowed under both Rule 54(d)(2) and Local Rule 4.18(a).

Furthermore, Endurance neither sought nor was granted leave to submit its motion out of time, and it provides no rationale for its belated filing that could be

5

considered excusable neglect under Rule 6(b). Courts in this circuit have not hesitated to deny untimely fee motions under circumstances far less egregious than those present here. *See, e.g., Blanton v. Univ. of Fla. ex rel. Bd. of Trustees of Univ. of Fla.*, 2008 WL 928114, at *2 (M.D. Fla. Apr. 4, 2008) (denying fee motions filed seven days after fourteen-day deadline where the movant did not establish excusable neglect); *Porcelli*, 2006 WL 3333599, at *2 (denying motion for attorney's fees filed approximately two weeks after the deadline where the movant failed to establish excusable neglect); *see also Hipps v. United Steel Workers of Am., AFL-CIO*, 2001 WL 194307, at *2 (N.D. Ga. Feb. 9, 2001) ("The failure to file a timely motion under Rule 54(d)(2), in the absence of a showing of excusable neglect, has consistently been held to be a waiver of the right to recover attorneys' fees.") (citations omitted).

In an effort to avoid this procedural bar, Endurance argues that Rule 54(d)(2)'s—and by extension Local Rule 4.18(a)'s—fourteen-day limit does not apply to its fee motion, and that its motion should instead be "considered 'untimely only on a showing of unfair surprise or prejudice.'" (Doc. 211 at 4-8) (quoting *Brown v. City of Palmetto, Ga.*, 681 F.2d 1325, 1327 (11th Cir. 1982)). This argument does not survive scrutiny.

As an initial matter, the main case that Endurance quotes in support of its argument—*Brown v. City of Palmetto, Ga.*—was decided more than a decade before the enactment of Rule 54(d)(2) and the filing deadline it imposes. Regardless, the quoted passage from *Brown* upon which Endurance relies is incomplete. As Safeco observes in its response, the opinion in *Brown* actually states, "*Absent violation of a local rule* a

6

claim for attorney's fees would be untimely only on a showing of unfair surprise or prejudice." 681 F.2d at 1327 (emphasis added) (citation omitted).

Moreover, the claim for attorneys' fees in *Brown* was brought pursuant to 42 U.S.C. § 1988, which allows fees to be treated as the costs of litigation, for which there is no time limit under Rule 54(d). 681 F.2d at 1326-27. Here, by contrast, Endurance seeks attorneys' fees pursuant to the Agency Agreement as the prevailing party following the entry of the Judgement in its favor. *Brown* is therefore inapposite.

The other authority Endurance cites in its motion is likewise inapt.[1] Contrary to Endurance's suggestion, none of these cases stand for the proposition that a party

---

[1] *See* (Doc. 221 at 4-8) (citing, *inter alia*, *United States v. Peter R. Brown Constr., Inc.*, 674 F. App'x 901, 910 (11th Cir. 2017) (per curiam) (finding no error in district court order that directed the prevailing party to file a motion for attorney fees in accordance with Rule 54); *Fluor Intercontinental, Inc. v. IAP Worldwide Servs., Inc.*, 533 F. App'x 912, 922 n.35 (11th Cir. 2013) (observing that a district court has discretion to waive or excuse noncompliance with its local rules); *Vinnett v. Gen. Elec. Co.*, 271 F. App'x 908, 914-15 (11th Cir. 2008) (noting that the district court's application of its local rules is reviewed for an abuse of discretion); *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268 (11th Cir. 2000) (holding that district court did not lack jurisdiction to entertain attorneys' fees motion where defendant did not plead for such fees and finding that district court did not abuse its discretion in finding the fee claim timely where defendant was considered the prevailing party entitled to seek fees only after it prevailed on appeal); *Brown v. Crawford Cty., Ga.*, 960 F.2d 1002, 1008 (11th Cir. 1992) (explaining that district court "*must not* circumvent the Federal Rules of Civil Procedure by implementing local rules or 'procedures' which do not afford parties rights that they are accorded under the Federal Rules"); *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1241 (5th Cir. 1984) (finding defendant could seek attorney fees where it did not plead for entitlement); *Ethicon, Inc. v. Angelini*, 2016 WL 9459824, at *2 n.2 (M.D. Fla. Sept. 9, 2016) (waiving the time requirements of Local Rule 4.06 applicable to preliminary injunctions "[b]ased upon the facts and circumstances of th[at] case"); *Arval Serv. Lease S.A. v. Clifton*, 2014 WL 12615698, at *2 (M.D. Fla. Oct. 2, 2014) (denying motion to strike that violated Local Rule 3.01(d)'s twenty-five-page limit because "[a] twenty-eight page motion and incorporated memorandum seeking a preliminary injunction is not unreasonable under the circumstances").

may simply ignore the time limitations set forth in the Federal and Local Rules in pursuing a claim for attorneys' fees and instead utilize whatever timeline it chooses without justification.

At most, a number of the decisions Endurance references in its motion highlight that, while Rule 54(d)(2) govern motions for attorneys' fees filed by prevailing parties, it does not apply to attorneys' fees sought by parties as contractual damages to be proved at trial. *See, e.g., Fluor Intercontinental*, 533 F. App'x at 921-922 & n.34 (noting that Rule 54(d)(2) "is a prevailing-party fee rule" and finding that the local rule in that case, which—like M.D. Fla. R. 4.18 here—was based on Rule 54, did not apply to a party's "claim for attorneys' fees as contractual damages," rather than as "*prevailing party* fees").[2]  Here, however, as Endurance admits, it seeks attorneys' fees incurred in this case as the "prevailing party" (Doc. 211 at 2-3), after already having been awarded attorneys' fees as a component of the Judgment in the Underlying Action (Doc. 152 at 12; Doc. 153; Doc. 162).  As a result, its claim that the time limits set forth in Rule 54 and Local Rule 4.18 do not apply is without merit.

To the extent that the Court has discretion to excuse Endurance's noncompliance with Rule 54 and Local Rule 4.18, I see no reason why the Court should do so.  Endurance chose to pursue its earlier fee motion based solely upon

---

[2] In *Flour Intercontinental*, the movant only sought the fees it was owed as contractual damages as part of the underlying dispute, and did not—as Endurance now attempts to do—seek the fees it incurred in litigating the subsequent action.  533 F. App'x at 921-22 (noting that the movant "did not request prevailing-party fees," but rather only claimed the fees to which it was entitled as "contractual damages").

8

Florida's offer of judgment statute, litigated the matter extensively, and waited until nearly a year after the deadline to file its second fee motion.  And, it appears, Endurance elected to pursue that later motion only after it gleaned from the R&R that it might not prevail on its first motion.

Furthermore, Endurance fails to provide any justification now as to why it did not raise its contractual claim for attorneys' fees in its original motion, and has conspicuously neglected to even address the issue of excusable neglect in support of its second motion.  Nor does it tender any authority that it should be afforded another chance at this late juncture to make such a claim under the circumstances presented.

In addition, granting Endurance a second opportunity to demonstrate its entitlement to attorneys' fees at this point would prejudice Safeco, which has already expended resources to defend against Endurance's first motion.  *Envtl. Biotech*, 2009 WL 1653563, at *3 (finding that the "[p]laintiff would be prejudiced if the Court allowed the late filing [of the defendant's motion for attorney's fees and costs] in that she would have to defend paying costs and fees even though the requests were filed in violation of the Federal and Local Rules").[3]

---

[3] In light of the finding that Endurance's fee motion is untimely and improper, it is not necessary for the Court to address Safeco's alternative argument that Endurance's motion also fails under Rule 54(d)(2)(B)(iii) because it does not "state the [fee] amount sought or provide a fair estimate of it."  (Doc. 214 at 12) (quoting Fed. R. Civ. P. 54(d)(2)(B)(iii)).

III.

In light of the above, I recommend that Endurance's *Motion for Entitlement to Attorneys' Fees Based on Contract* (Doc. 211) be denied.

Respectfully submitted this 26th day of October 2020.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Virginia M. Hernandez Covington, United States District Judge
Counsel of record
Any unrepresented party