UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY,

Plaintiff,

v. Case No. 8:17-cv-2832-VMC-CPT

LIBERTY MUTUAL INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF ILLINOIS, and SAFECO INSURANCE COMPANY OF AMERICA,

Defendants.
_______________________________/

**ORDER**

This matter comes before the Court upon consideration of United States Magistrate Judge Christopher P. Tuite's Report and Recommendation (Doc. # 265), entered on August 15, 2023, recommending that Defendants Safeco Insurance Company of Illinois ("Safeco Illinois") and Safeco Insurance Company of America's ("Safeco America," collectively "Safeco") Motion for Prevailing Party Attorneys' Fees and Renewed and Amended Motion for a Determination of Entitlement to Prevailing Party Attorneys' Fees and Award of Costs (Doc. ## 239, 244) be granted in part and denied in part. On August 29, 2023, both Plaintiff Endurance American Specialty Insurance Company

("Endurance") and Safeco filed objections to the Report and Recommendation. (Doc. ## 268, 269). Endurance responded to the Defendants' objection on September 12, 2023. (Doc. # 270).

The Court accepts and adopts the Report and Recommendation, overrules the objections, grants in part and denies in part the Motions, and directs Safeco America to submit briefing on the amount of attorney's fees to which it is entitled.

## I. Discussion

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992). The district

judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro-Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

Safeco objects to Judge Tuite's determination that Safeco is not entitled to recover attorney's fees under Florida Statute § 57.105(7). (Doc. # 268). Endurance objects to Judge Tuite's determination that Safeco may recover attorney's fees under Florida Statute § 768.79 based on an offer of settlement that Safeco America served on Endurance. (Doc. # 269). This Court will address each set of objections in turn.

**A. Objection to Recommendation Regarding Recovery Under Florida Statute § 57.105(7)**

Safeco objects to Judge Tuite's conclusion that Florida Statute § 57.105(7) does not entitle it to attorney's fees. (Doc. # 268 at 2). Section 57.105(7) provides:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

Fla. Stat. § 57.105(7).

For Section 57.105(7) to apply, the contractual provision must be unilateral, Bank of N.Y. Mellon Tr. Co., N.A. v. Fitzgerald, 215 So. 3d 116, 119 (Fla. 3rd DCA 2017), and therefore provide one "party [with] a greater right to attorney's fees than the other," Levy v. Levy, 326 So. 3d 678, 681 (Fla. 2021). Importantly, Section 57.105(7) does not provide an avenue to expand the right to attorney's fees beyond that which is provided for in a contract. See Id. ("To find that [S]ection 57.105(7) applies here would be to confer a right on the [party] that neither party had under the contract . . . .").

This Court agrees with Judge Tuite's characterization of Section 7.B as a bilateral fee provision, such that Section 57.105(7) cannot apply. Sections 7.A and 7.B of the Limited Agreement provide reciprocal rights to attorney's fees to each party under the Limited Agreement. (Doc. # 168-3 at 5). As in Levy, "the [contract] grants both parties precisely the same contractual right to attorney's fees." 326 So. 3d at 681. While Safeco objects to Judge Tuite's reading Sections 7.A and 7.B together (Doc. # 268 at 2), such a reading is necessary to understand the nature of the parties' agreement. Safeco's request for attorney's fees does not fall within the scope of the existing attorney's fees contractual provisions.

Instead, it would require the Court to grant attorney's fees in a situation not provided for by the parties' contract.

Therefore, this Court adopts the Report and Recommendation's conclusion that Safeco cannot recover attorney's fees under Fla. Stat. § 57.105(7).

**B. <u>Objection to Recommendation Regarding Recovery Under Florida Statute § 768.79</u>**

Endurance raises several objections to Judge Tuite's recommendation that Safeco be awarded attorney's fees under Florida Statute § 768.79 based on the offer of judgment that Safeco America served on Endurance. (Doc. # 269). This Court will address each objection in turn. However, in sum, this Court adopts Judge Tuite's conclusion that Safeco is entitled to attorney's fees under Section 768.79.

Section 768.79 provides in part:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. . . .

Fla. Stat. § 768.79(1).

First, Endurance argues that Safeco America and Safeco Illinois cannot be jointly granted attorney's fees when the offer of judgment was offered only by Safeco America. (Doc. # 269 at 4-6). Judge Tuite's Report and Recommendation acknowledges that the offer was made only by Safeco America, but recommends that the Court address this question at another time, for example, "as part of the fee amount inquiry." (Doc. # 265 at 32). In contrast, Endurance views this flaw as fatal to Safeco Illinois's ability to recover attorney's fees under Section 768.79. (Doc. # 269 at 4-6).

This Court agrees with Endurance that since Safeco America was the only defendant who made this offer of settlement, Safeco America is the only defendant who is eligible to recover attorney's fees under Section 768.79. By its terms, Section 768.79 only provides relief to defendants who make compliant offers of settlement.

Accordingly, since Safeco America's offer of settlement did comply with Section 768.79's requirements, Safeco America can recover attorney's fees based on the offer. Given this determination, Safeco America will need to provide additional information on the amount of attorney's fees that it submits it is entitled to recover.

Second, Endurance argues that Safeco America's offer of judgment "is facially invalid as a joint proposal because it does not apportion what amounts are attributable to Safeco America and Safeco Illinois." (Doc. # 269 at 6). However, since the offer was made only by Safeco America and sought only to resolve claims between Safeco America and Endurance (Doc. # 248-1 at 1-2), accepting the offer would not have affected claims between Endurance and Safeco Illinois. As the Report and Recommendation noted, an offer of judgment should allow "immediate enforcement on acceptance." (Doc. # 265 at 30) (quoting Di Paola v. Beach Terrace Ass'n, 718 So. 2d 1275, 1277 (Fla. 2d DCA 1998)). This statement refers to whether an offer would fully resolve claims between the parties in a settlement or whether its acceptance would require further litigation as to those parties. Section 768.79 does not require that an offer resolve litigation entirely, just that it resolve litigation with the defendant that makes the offer.

Third, Endurance argues that the Report and Recommendation improperly concluded that Section 768.79 applies to this action, when the offer sought to resolve claims for both "monetary and equitable relief." (Doc. # 269 at 9).

Section 768.79 explicitly applies to "civil action[s] for damages." Fla. Stat. § 768.79(1). Therefore, as the Report and Recommendation notes, "[S]ection 768.79 does not apply where a plaintiff asks for 'both damages and equitable relief, and in which the defendant has served a general offer of judgment that seeks release of all claims.'" (Doc. # 265 at 15) (quoting Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 374 (Fla. 2013)).

However, Section 768.79 has been interpreted to apply to offers of judgment when the "true relief" sought is monetary. Yacht Club on the Intracoastal Condo. Ass'n v. Lexington Ins. Co., 599 F. App'x 875, 883 (11th Cir. 2015). Specifically, courts "should look behind the procedural vehicle used in a complaint to discern what true relief is sought." Id. This approach has allowed courts to grant relief under Section 768.79 even when a complaint includes claims for declaratory relief. See Diamond Aircraft, 107 So. 3d at 373 (identifying cases determined to be for monetary damages, despite involving requests for declaratory relief). As the Report and Recommendation highlights, "one court in this District has observed that the cases in which Florida courts have deemed [S]ection 768.79 to be inapplicable post-Diamond Aircraft have mainly 'involved claims for injunctive relief or

specific performance.'" (Doc. # 265 at 25) (quoting Wickboldt v. Mass. Mut. Life Ins. Co., No. 6:17-cv-2208-JA-EJK, 2021 WL 4438374, at *7 (M.D. Fla. Sept. 28, 2021)).

In this case, Endurance sought declaratory relief and monetary relief. (Doc. # 16). Specifically, Endurance sought a declaration "that Defendants are responsible to indemnify Endurance for the Claim made by the Estate"; a declaration "that the [Limited] Agreement is in full force and effect and that Defendants are responsible for paying the Loss pursuant to the terms of the [Limited] Agreement"; an "[a]ward [of] attorneys' fees and costs incurred in the prosecution of this lawsuit and the defense of Comegys in the claim brought by the Whitener Estate as Smith's assignee"; and an "[a]ward [of] such other and further relief as this court deems appropriate." (Id. at 10-11). Additionally, Endurance sought monetary relief for breach of contract, breach of the implied covenant of good faith and fair dealing, civil conspiracy, negligent misrepresentation, and fraud upon the court. (Id. at 11-15).

The Court agrees with Judge Tuite's conclusion that this offer of judgment should be characterized as one for only monetary relief. The declaratory relief that Endurance originally sought was related to the claims for monetary

relief. As the Report and Recommendation stated, Endurance needed to prevail on its claims for declaratory relief to prevail on its breach of contract claims. (Doc. # 265 at 22-23). This Court also agrees that this case more closely compares with Yacht Club than with Highland Holdings, Inc. v. Mid-Continent Cas. Co., 725 F. App'x 906 (11th Cir. 2018). The declaratory relief sought in Yacht Club aligns with that sought by Endurance. See Yacht Club, 599 F. App'x at 883-84 (seeking, among other things, a declaration that an insurance policy was enforceable and that it entitled the plaintiff to coverage in the dispute at issue).

This Court also finds Judge Tuite's analysis regarding the methodology for calculating attorney's fees under Section 768.79 persuasive. Diamond Aircraft notes that calculation of fees under Section 768.79 involves comparing "the 'amount of the offer' . . . to the 'judgment obtained.'" 107 So. 3d at 375 (emphasis omitted) (quoting Fla. Stat. § 768.79(7)(a)). Here, resolution of Endurance's claims would not result in any non-monetary relief that would be difficult to compare to the damages obtained through the lawsuit. Therefore, this Court agrees with Judge Tuite's conclusion that the true relief sought here is monetary in nature.

Fourth, Endurance argues against the Report and Recommendation's conclusion that the offer's reference to "conditions" in Section 768.79 did not make the offer vague. (Doc. # 269 at 11-12). As part of this argument, Endurance submits that the offer's failure to include complete information about how acceptance would affect the claims, such as whether the claims would be dismissed with or without prejudice, caused it to violate Florida Rule of Civil Procedure 1.442 (Id.), which "implements [S]ection 768.79," Diamond Aircraft, 107 So. 3d at 376.

Once again, this Court agrees with Judge Tuite. As the Report and Recommendation stated, the components of Section 768.79 have been described using various terms, including "conditions." E.g., In rem 3M Combat Arms Earplug Prods. Liab. Litig., No. 3:19md2885, 2021 WL 4269173, at *4 (N.D. Fla. Aug. 9, 2021). Importantly, "the terms contained in [S]ection 768.79 are compulsory in nature, or, at the very least, operate by default." (Doc. # 265 at 31-32). Therefore, incorporation of Section 768.79's components cannot create ambiguity in the offer.

Additionally, while Florida Rule of Civil Procedure 1.442, as enacted at the time of the offer, required offers to "state with particularity any relevant conditions" and to

"state with particularity all nonmonetary terms of the proposal" (Doc. # 265 at 28) (quoting Fla. R. Civ. P. 1.442(c)(2)(C)-(D) (2017)), failure to include complete information about how acceptance would affect the claims does not violate the rule. As the Report and Recommendation noted, caselaw interpreting the requirements of Rule 1.442 has determined that offers that do not include complete information on the final disposition of claims can still meet the rule's requirements. E.g., Manuel Diaz Farms, Inc. v. Delgado, 193 So. 3d 71, 73 (Fla. 3d DCA 2016) (stating that "[t]he inclusion of terms regarding a release . . . is not required").

Fifth, Endurance objects to the application of a prevailing party standard to assess the timeliness of the Section 768.79 claim. (Doc. # 269 at 12-14). As such, Endurance disagrees with the conclusion that the appellate court decision regarding the contract claims and the district court's subsequent judgment restarted the timeframe for filing a motion for attorney's fees regarding the tort claims. (Id. at 13-14). As the Report and Recommendation notes, the Eleventh Circuit has characterized the test for restarting the clock under Rule 54 as "whether the lower court, in its second order, has disturbed or revised legal rights and

obligations which, by its prior judgment, had been plainly and properly settled with finality." (Doc. # 265 at 36) (quoting Wane v. Loan Corp., 613 F. App'x 879, 881 (11th Cir. 2015)).

This Court agrees with Judge Tuite's interpretation that Safeco's motion for attorney's fees was timely. As the Report and Recommendation highlights, it is important that Endurance had obtained a judgment for "all the relief to which it was entitled in the action" by originally prevailing on the contract claims in this Court. (Doc. # 265 at 37). This is particularly true as Section 768.79 requires defendants seeking attorney's fees to demonstrate that "the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer." Fla. Stat. § 768.79(1).

This Court does acknowledge Endurance's concerns about the Report and Recommendation's reliance on Capital Asset Research Corp. v. Finnegan, 216 F.3d 1268 (11th Cir. 2000). In that case, the provision at issue specifically provided that the "prevailing party" could recover attorney's fees. Id. at 1271. This language is not similarly present in this case. Even so, this difference does not negate the applicability of the concerns raised in Capital Asset to this

case. As in this case, the party adverse to the party seeking attorney's fees had obtained the full value of the relief requested at the conclusion of trial. Id. at 1272. Therefore, Safeco reasonably deemed it necessary to wait until after the appeal to file for attorney's fees related to the tort claims. Additionally, this Court emphasizes that it has broad discretion in situations like this that present ambiguity in determining the appropriate time to file a motion for attorney's fees. (Doc. # 265 at 38-39).

In sum, the Court adopts the Report and Recommendation's conclusion that Safeco America is entitled to attorney's fees under Section 768.79. As noted above, the Court concludes that Safeco Illinois is not entitled to recover attorney's fees under this provision.

## II. Conclusion

After conducting a careful and complete review of the findings, conclusions, and recommendations, and giving *de novo* review to matters of law as well as findings of fact to which the parties objected, the Court accepts the factual findings and legal conclusions of the Magistrate Judge. The parties' objections are overruled.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED:**

(1) The Report and Recommendation (Doc. # 265) is **ACCEPTED** and **ADOPTED.**

(2) Defendants Safeco Insurance Company of Illinois and Safeco Insurance Company of America's Motion for Prevailing Party Attorneys' Fees and Renewed and Amended Motion for a Determination of Entitlement to Prevailing Party Attorneys' Fees and Award of Costs (Doc. ## 239, 244) are **GRANTED in part** and **DENIED in part.** Defendant Safeco Insurance Company of America is entitled to attorney's fees under Florida Statute § 768.79.

(3) Defendant Safeco Insurance Company of America is directed to submit briefing to determine the amount of attorney's fees to which it is entitled by **October 11, 2023.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of September, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE