UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ENDURANCE AMERICAN
SPECIALTY INSURANCE
COMPANY, a foreign corporation,
individually and a/s/o COMEGYS
INSURANCE AGENCY, INC.,

CASE NO.: 8:17-cv-02832-VMC-CPT

      Plaintiff,

vs.

LIBERTY MUTUAL INSURANCE
COMPANY, *et al.*,

      Defendants.
_____/

## DEFENDANT SAFECO AMERICA'S SUPPLEMENTAL MOTION ON AMOUNT OF ATTORNEYS' FEES AND COSTS

Defendant Safeco Insurance Company of America ("Safeco America"), pursuant to this Court's Order Adopting the Magistrate Judge's Report and Recommendation on entitlement (D.E. 274) and Local Rule 7.01, submits this Supplemental Motion on the Amount of Attorneys' Fees and Costs it is entitled to recover pursuant to its proposal for settlement, served September 28, 2018, and states:

### I. MEET-AND-CONFER EFFORT

On October 2, 2023, counsel for Safeco America provided redacted time sheets reflecting attorneys' fees and costs incurred on or after September 28, 2018, by Safeco America in defending this action in the U.S. District Court and

Case No.: 8:17-cv-02832-VMC-CPT

on appeal before the Eleventh Circuit Court of Appeal. On October 9, 2023, counsel for Safeco America, Jeffrey S. Lapin, and counsel for Endurance, James M. Kaplan, communicated by telephone regarding the entries on the redacted time sheets, and the amount of attorneys' fees and costs Safeco America is seeking to recover, at which time Mr. Kaplan communicated Endurance's objection that the attorneys' fees sought to be recovered were not allocated among the three defendants in this action.

On October 10, 2023, Mr. Kaplan sent an email communicating Endurance's additional objections contending that there were time entries for fees sought that pertain solely to the representation of defendants Safeco Illinois of America ("Safeco Illinois") and Liberty Mutual Insurance Company ("Illinois"), and that there were time entries for fees sought that pertained to the amount of attorneys' fees, and not entitlement. Mr. Kaplan's October 10, 2023 email did not identify the specific time entries Endurance objected to on this basis, and Safeco America's counsel on October 10, 2023 requested by email that Endurance identify the specific time entries. As of the filing of this motion, Endurance has not identified the specific time entries it contends relate to the amount of attorneys' fees sought, or that pertain solely to Safeco Illinois and Liberty.

Mr. Kapan's October 10, 2023 email also set forth Endurance's position that because the attorneys' fees sought to be recovered by Safeco America were

2

Case No.: 8:17-cv-02832-VMC-CPT

not allocated among the three defendants, "Safeco America may only recover (at best) one third of all fees and costs presented for consideration from the date of the PFS through the date of Liberty Mutual's release and half of all fees and costs presented for consideration thereafter." Mr. Kaplan's October 10, 2023 email also set forth Endurance's position that Safeco America is not entitled to recover costs that are not taxable under section 28 U.S.C. §1920, including attorney travel costs (such as hotels, taxis, rental cars, parking, mileage, and meals) and mediation costs.

On October 10, 2023, Safeco America's counsel sent an email to Endurance's counsel advising that Safeco America would also be seeking to recover prejudgment interest on attorneys' fees from the date entitlement was determined, costs incurred for bond premium in the amount of $29,721, and its corporate representative's travel costs for mediation and trial in the amount of $4,749.78. Endurance did not respond to the October 10, 2023 email regarding its position on prejudgment interest, recovery of the bond premium, or recovery of Safeco America's representative's travel costs for mediation and trial.

## II.   RESOLVED AND UNRESOLVED ISSUES

Safeco America and Endurance agree that the hourly rates for the attorneys and paralegals whose time entries appear in the records attached to this motion are reasonable. Endurance also does not challenge the reasonableness of the time spent on the tasks in the time entries. Safeco

Case No.: 8:17-cv-02832-VMC-CPT

America and Endurance agree that to the extent there are any time entries that relate <u>solely</u> to the representation of Safeco Illinois or Liberty, those attorneys' fees are not recoverable by Safeco America. Safeco America and Endurance also agree that Safeco America is not entitled to recover attorneys' fees incurred litigating the *amount* of fees to which it is entitled.

Safeco America and Endurance disagree on whether Safeco America can recover the full amount of attorneys' fees not allocated among the three defendants. Endurance's position is that Safeco America at best can recover only one third of unallocated fees incurred from the time of service of its proposal for settlement until the time Liberty was released from the case, and then only half of the unallocated fees thereafter. Safeco America's position is that because the defenses of the three defendants were inextricably intertwined, Safeco America is entitled to recover all of the unallocated fees incurred from the time of service of the proposal for settlement. Safeco America and Endurance also disagree on whether Safeco America can recover nontaxable costs pursuant to the proposal for settlement, or whether the costs Safeco America can recover are limited by section 28 U.S.C. §1920. Because Endurance has not provided a position on whether Safeco America can recover prejudgment interest on its recoverable attorneys' fees from the date that the Court determined entitlement in Safeco America's favor, that issue is also

4

Case No.: 8:17-cv-02832-VMC-CPT

unresolved. Also unresolved is whether Safeco America can recover its costs for bond premium.

### III. MEMORANDUM OF LAW ON DISPUTED ISSUES

**A. Safeco America is entitled to recover the full amount of fees incurred defending all three Defendants, because the defenses of the three Defendants were inextricably intertwined.**

Endurance contends Safeco America is not entitled to recover the full amount of attorneys' fees in the redacted time sheets attached as Exhibit A to this motion, because the fees have not been specifically allocated to Safeco America, and have not been allocated among the three defendants in this action[1]. Endurance contends that Safeco America, at best, can recover only one third of the unallocated fees incurred from the time of service of its proposal for settlement until the time Liberty was released from the case, and then only half of the unallocated fees thereafter.

Safeco America is entitled to recover all of the fees incurred in defending this action since the service of its September 28, 2018 offer of judgment, because the defenses of the three defendants were inextricably intertwined, as reflected in the redacted time sheets attached to this motion, and Endurance's own pleadings and papers in this action. Each and every claim Endurance made against Safeco Illinois and Liberty was made *identically* against Safeco

---

[1] It is undisputed that Safeco Illinois and Liberty cannot recover fees pursuant to Safeco America's proposal for settlement.

5

Case No.: 8:17-cv-02832-VMC-CPT

America.[2] (D.E. 16 ¶¶6, 9-78.) Endurance did not plead separate counts against Safeco America and each of the other two defendants, but instead lumped them together in the same counts. (D.E. 16 ¶¶ 43-78.) And Endurance's evidence in support of its claims against Safeco Illinois and Liberty was identical to its evidence against Safeco America. (*See* D.E. 86.) Had Endurance omitted Safeco Illinois and Liberty from this lawsuit, all of the fees that Safeco America seeks to recover in this supplemental motion would still have been incurred by Safeco America.

Because the attorneys' fees incurred in defending Safeco America are inextricably intertwined with the defense of Safeco Illinois and Liberty, they are recoverable by Safeco America, even if Safeco Illinois and Liberty are not entitled to fees. *Current Builders of Fla., Inc. v. First Sealord Sur. Inc.*, 984 So. 2d 526 (Fla. Dist. Ct. App. 2008) (reversing trial court order awarding defendant only half of the fees sought because the fees incurred were also related to defense of co-defendant, reasoning that where defenses of both defendants were inextricably intertwined, defendant was entitled to recover full amount of fees); *22nd Century Props., LLC v. FPH Props., LLC*,

---

[2] Endurance's Amended Complaint refers to Defendants Safeco America and Safeco Illinois collectively as "Safeco" throughout. (D.E. 16 ¶6.) All claims and the supporting factual allegations leveled against Safeco Illinois and Liberty are also made in identical fashion against Safeco America. (D.E. 16 ¶¶9-78.) Endurance asserted all six counts against Safeco America and Safeco Illinois, while asserting only Counts I-III against Liberty. (D.E. 16 ¶¶43-78.)

6

160 So. 3d 135, 143-44 (Fla. 4th DCA 2015) (allocation of fees recoverable under offer of judgment statute was not feasible, where real estate investor's claim for an accounting was inextricably intertwined with the claims for which investor recovered damages, and therefore the trial court did not abuse its discretion by awarding investor attorney's fees pursuant to the offer of judgment statute for time spent on its accounting claim, where all investor's claims required that money from the business venture be traced, investor prevailed on claims for breach of contract and fraud and recovery under the equitable accounting claim was unnecessary as a result, and the facts underlying the accounting claim entirely overlapped with the claims that prevailed). Issues are "inextricably intertwined" or involve a "common core of facts" when "'work for one claim cannot be distinguished from work on other claims.'" *22nd Props., LLC*, 160 So. 3d at 144; *Royal Palm Village Residents, Inc. v. Slider*, 2021 WL 4876391, at * 7 (M.D. Fla. Aug. 2, 2021) (finding seven of eight claims involved a common core of facts). "[W]here a particular claim is subject to a fee entitlement but one or more related claims are not, 'time spent marshaling the facts' of the related claims is compensable because it 'likely would have been spent defending any one or all of the counts.'" *Durden v. Citicorp Tr. Bank, FSB,* 763 F. Supp. 2d 1299, 1306 (M.D. Fla. 2011) (quoting *Caplan v. 1616 E. Sunrise Motors, Inc.,* 522 So. 2d 920, 922 (Fla. Dist. Ct. App. 1988)). Here, *all* of Endurance's claims were asserted against and defended by

Case No.: 8:17-cv-02832-VMC-CPT

Safeco America, and the work for defending Safeco Illinois and Liberty against these claims cannot be distinguished from the work in defending Safeco America. Safeco America is therefore entitled to recover all of the fees sought in this motion.

**B.   Safeco America is entitled to recover reasonably incurred non-taxable costs pursuant to section 768.79, Florida Statutes.**

Section 768.79, Florida Statutes provides in pertinent part:

> (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred ... from the date of filing[3] of the offer if the judgment is one of no liability....
>
> \*   \*   \*
>
> (7) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
>
> > (a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded

---

[3] Florida and Federal courts have interpreted the statute's "date of filing" language to mean the date the offer was served. *Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1356 (S.D. Fla. 2010); *Walker v. Bozeman*, 243 F. Supp. 2d 1298, 1304 (N.D. Fla. 2003); *Amisub (Am. Hosp.), Inc. v. Hernandez*, 817 So. 2d 870, 872 (Fla. Dist. Ct. App. 2002); *Cooper v. Brickell Bayview Real Estate, Inc.*, 711 So. 2d 258 (Fla. Dist. Ct. App. 1998). To construe the "date of filing" language literally would make no sense, because under Florida law and section 768.69(3), an offer of judgment should not be filed until it becomes necessary, post-judgment, to enforce its provisions.

Case No.: 8:17-cv-02832-VMC-CPT

>    reasonable costs, including investigative expenses….

Fla. Stat. § 768.79.

Section 768.79, Florida Statutes, is substantive law for *Erie* purposes, applicable to civil actions in federal court. *Jones v. United Space Alliance, LLC*, 494 F.3d 1306, 1309 (11th Cir. 2007). The plain language of the offer-of-judgment statute makes clear that costs beyond those enumerated in 28 U.S.C. 1920 are recoverable under the statute. Not only does the statute provide for recovery of "reasonable costs" incurred, but section 768.79(7), expressly includes "investigative expenses," a cost item not enumerated in 28 U.S.C. 1920, as a recoverable reasonable cost. And U.S. District Courts in Florida have applied section 768.79 to award costs that are non-taxable under section 28 U.S.C. 1920.[4] *Strait v. Busch Entm't Corp.*, 2007 WL 496605, at *3 (M.D. Fla. Feb. 12, 2007) (holding section 768.69 is substantive for *Erie* purposes and awarding expert witness fees as a reasonable cost under the statute); *Muegge v. Heritage Oaks Gulf & Country Club, Inc.*, 2006 WL 1678840, at *4-5 (M.D. Fla. June 16, 2006) (awarding travel expenses

---

[4] Although the Court in *Morningstar Healthcare LLC v. Greystone & Co. Inc.*, 2007 WL 9736036, at *2 (M.D. Fla. Oct. 23, 2007), concluded section 768.79 cannot be used to recover costs beyond those costs taxable under 28 U.S.C. 1920, that Court's conclusion cannot be squared with the plain language of section 768.79, or the Florida Supreme Court's opinion on the amendment to the statute. *The Florida Bar Re: Amendment to Rules of Civil Procedure, Rule 1.442 (Offer of Judgment),* 550 So. 2d 442, 444 n. 2 (Fla. 1989).

9

Case No.: 8:17-cv-02832-VMC-CPT

for deposition, expert expenses, and mediation costs under section 768.79, Florida Statutes); *The Michael Titze Co., Inc. v. Simon Prop. Grp., Inc.*, 2010 WL 11519455 (N.D. Fla. Oct. 28, 2010) (holding that non-taxable costs are recoverable under section 768.69, Florida Statutes, and rejecting argument that recoverable costs were limited to taxable costs).

In addition, when the Florida Supreme Court adopted an amended offer-of-judgment rule in 1989, it stated that recovery of "reasonable costs" under the rule "is not necessarily limited only to taxable costs." *The Florida Bar Re: Amendment to Rules of Civil Procedure, Rule 1.442 (Offer of Judgment)*, 550 So. 2d 442, 444 n. 2 (Fla. 1989). And the Eleventh Circuit has construed a motion for fees and costs under section 768.69, Florida Statutes, as one for *nontaxable* costs. *Official Cargo Transp., Inc. v. Underwriters at Lloyds of London*, 143 Fed. Appx. 173, 176 (11th Cir. 2005) (construing motion for appellate attorneys' fees and costs pursuant to section 768.79, Florida Statutes as one for appellate attorneys' fees and *nontaxable costs*).

In addition to the costs reflected in the report attached as Exhibit A, Safeco America incurred $4,749.78 for its representative to attend mediation and trial, and $29,721 in bond premium, both of which are reasonable costs recoverable under section 768.79. A declaration from the Safeco America representative supporting these costs is forthcoming.

10

Case No.: 8:17-cv-02832-VMC-CPT

## C. Safeco America is entitled to recover bond premium as a taxable cost under Fed. R. App. P. 39(e) and as a reasonable cost under section 768.79.

Safeco America is entitled to recover **$29,721** in bond premium paid, as a taxable cost pursuant to Rule 39(e) of the Federal Rules of Appellate Procedure, and also as a reasonable cost under section 768.79, Florida Statutes. A declaration from the Safeco America representative attesting to the costs for the bond premium is forthcoming.

## D. Safeco America is entitled to recover prejudgment interest on recoverable fees from the date of entitlement.

Under applicable Florida law, Safeco America is entitled to recover prejudgment interest on its recoverable attorneys' fees from the date that this Court determined entitlement, until the date of entry of judgment. *Quality Engineered Installation, Inc. v. Higley South, Inc.*, 670 So. 2d 929, 930-31 (Fla. 1996) ("interest accrues from the date the entitlement to attorneys fees is fixed through agreement, arbitration award, or court determination, even though the amount of the award has not yet been determined"); *Burton Family P'ship v. Luani Plaza, Inc.* 276 So. 3d 920, 924 (Fla. Dist. Ct. App. 2019) (prejudgment interest for attorneys' fees accrues from the date entitlement has been determined). In this action, the Court determined Safeco America's entitlement to attorneys' fees on September 27, 2023. (D.E. 274.) Therefore, Safeco America is entitled to prejudgment interest from September 27, 2023,

Case No.: 8:17-cv-02832-VMC-CPT

until entry of judgment on the amount of attorneys' fees to be determined recoverable.

### IV.  INFORMATION REGARDING DISPUTED RATE/HOUR

Endurance does not dispute the reasonableness of the timekeepers' rates or hours with respect to the fees sought by Safeco America.

### V.  VERIFICATION BY LEAD COUNSEL

Attached to this supplemental motion as Exhibit A are redacted fees and costs business records from my law firm, Lapin & Leichtling LLP, with time entries that were made at or near the time by a person with knowledge of the information in the time entries. The records were kept in the ordinary course of my law firm's regularly conducted business activity of handling litigation, and making the attached records was (and is) a regular practice of my law firm. The records reflect **$444,097**[5] in attorneys' fees and **$37,689.33** in costs incurred by Safeco America in defending this action since September 28, 2018.

/s/ Jeffrey S. Lapin
Lead counsel for Defendant Safeco America
Signed by Jonathan R. Rosenn with permission of Jeffrey S. Lapin
/s/ Jonathan R. Rosenn

---

[5] While the business records on p. 412 reflect a total of $453,014.50 in attorneys' fees, that total includes $8,917.50 worth of time entries that have been redacted, for which Safeco America does not seek recovery.

Case No.: 8:17-cv-02832-VMC-CPT

## VI. DISPUTED NON-TAXABLE EXPENSES

Pursuant to L.R. 7.01(c)(5)(b), I hereby verify that the nontaxable costs reflected in the business records from my law firm attached as Exhibit A to this motion were incurred by me or my law firm.

/s/ Jeffrey S. Lapin
Lead counsel for Defendant Safeco America
Signed by Jonathan R. Rosenn with permission of Jeffrey S. Lapin
/s/ Jonathan R. Rosenn

WHEREFORE, Safeco America respectfully requests that the Court enter judgment against Plaintiff Endurance in the amount of **$516,257.11**, consisting of **$444,097** in attorneys' fees and **$72,160.11** in costs incurred by Safeco America in defending this action since September 28, 2018.

Respectfully submitted,

LAPIN & LEICHTLING, LLP
*Attorneys for Defendant Safeco America*
255 Alhambra Circle, Suite 600
Coral Gables, Florida 33134
Telephone No.: (305) 569-4100

 s/ Jonathan R. Rosenn
JEFFREY S. LAPIN (Fla. Bar No.: 993298)
JLapin@LL-Lawfirm.com
eservice@LL-Lawfirm.com
JONATHAN R. ROSENN (Fla. Bar No. 101346)
JRosenn@LL-Lawfirm.com